IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LARRY E. BASHAM,
                          Petitioner,

      v.                                                     CASE NO. 09-3247-RDR

FEDERAL BUREAU OF PRISONS, et al.,
                          Respondents.

**O R D E R**

Petitioner proceeds pro se on a document provisionally construed by the court as one seeking a writ of habeas corpus under 28 U.S.C. § 2241, and has submitted the $5.00 district court filing fee.[1]

Petitioner titles his document as seeking a "Preliminary Injunction," and claims he was subjected to an excessive disciplinary sanction for his first incident report. Petitioner states he was found guilty of possessing a package of tobacco, for which the disciplinary sanction included the loss of his commissary, telephone, and visitation privileges for 180 days. Petitioner cites sanctions of 60 to 90 days imposed against other inmates, and claims the imposition of non-uniform disciplinary sanctions constitutes a significant and atypical hardship on him.

Having reviewed petitioner's allegations, the court finds this action is subject to being summarily dismissed because it is clear on the face of the petition that petitioner is entitled to no relief under § 2241. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996).

---

[1] Petitioner's pending motion for leave to proceed in forma pauperis is thereby rendered moot.

Relief under § 2241 is appropriate for government action inevitably affecting the "duration of the petitioner's custody." McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997). Because there is nothing to suggest the legality or duration of petitioner's confinement is at issue in this action, the court finds no responsive pleading from respondents is required.[2]

Additionally, the court finds the petition is subject to being summarily dismissed without prejudice because petitioner acknowledges he has not yet exhausted administrative remedies. *See generally* Wilson v. Jones, 430 F.3d 1113, 1117 (10th Cir. 2005)(absent a demonstration of futility, a habeas petitioner seeking relief under 28 U.S.C. § 2241 is required to first exhaust available state remedies). While there are limited exceptions to the exhaustion requirement, including a narrow futility exception which courts have recognized in habeas corpus, such exceptions apply only in extraordinary circumstances with petitioner bearing the burden of demonstrating the futility of administrative review. *See e.g.* Fairchild v. Workman, 579 F.3d 1134, 1155 (10th Cir.

---

[2]Instead, petitioner must pursue relief in a non-habeas civil action to challenge the suspension of his privileges.
 Petitioner is advised, however, that if he intends to pursue non-habeas relief for the alleged violation of his rights under the Due Process and Equal Protections Clauses, any such action will be subject to the filing fee provisions in 28 U.S.C. § 1915 as amended by the Prison Litigation Reform Act in 1996. As amended, a prisoner is required to pay the full $350.00 district court filing fee as provided by payment of an initial partial filing fee assessed by the court, 28 U.S.C. § 1915(b)(1), and by automatic payments from the prisoner's trust fund account until the entire district court filing fee has been satisfied, 28 U.S.C. § 1915(b)(2). Additionally, any such complaint will be subject to judicial screening to dismiss the complaint or any claim therein that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a person immune from such relief. 28 U.S.C. § 1915A(a)-(b).

2009)(futility exception to exhaustion requirement in context of § 2254 habeas cases); Fazzini v. Northeast Ohio Correctional Center, 473 F.3d 229, 236 (6th Cir. 2006)(futility exception to exhaustion of requirement in context of § 2241 habeas cases). Accordingly, there is no merit to petitioner's contention that his exhaustion of administrative remedies is not required, and petitioner makes no persuasive showing that such exhaustion would be futile under the circumstances.

Petitioner is thus directed to show cause why the petition as submitted should not be summarily dismissed without prejudice. The failure to file a timely response may result in the petition being dismissed for the reasons stated herein, and without further prior notice to petitioner.

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is denied as moot.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days to show cause why the petition for habeas corpus relief under 28 U.S.C. § 2241 should not be summarily dismissed without prejudice.

DATED: This 19th day of January 2010, at Topeka, Kansas.

           s/Richard D. Rogers
          RICHARD D. ROGERS
          United States District Judge